| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
| --- | --- | --- |
| **TRANSFER OF JURISDICTION** | | 4:00CR00988-002 |
| | RECEIVED USDC CLERK, CHARLESTON, S 2006 JUL 18 P 4: 01 | DOCKET NUMBER *(Rec. Court)* 5:06-CR-245-1BO |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| --- | --- | --- |
| Terry Demetrius Ingram 217 Pony Club Circle Cary, NC 27519 | South Carolina | Florence |
| | NAME OF SENTENCING JUDGE | |
| FILED SEP 2 5 2006 US DISTRICT COURT, EDNC BY DEP. CLK | The Honorable C. Weston Houck | |
| | DATES OF SUPERVISED RELEASE: | FROM December 6, 2005 | TO December 5, 2008 |

**OFFENSE**

Violation of Travel Act, 18 U.S.C. § 1952

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF South Carolina

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of North Carolina upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

7/13/06
Date

*C. Weston Houck*
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern DISTRICT OF North Carolina

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8/28/06
Effective Date

United States District Judge

(Form Revised in WP80 by D/SC - 9/97)

# UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF NORTH CAROLINA
# OFFICE OF THE CLERK

**MICHAEL BROOKS, ACTING CLERK**

P. O. BOX 25670
RALEIGH, N.C. 27611
919-645-1700
Criminal Section
**DATE: September 26, 2006**

United States Attorney
Mr. George Holding
Suite 800 - Federal Building
Raleigh, N.C. 27601-1461

       Re: U.S.A. vs TERRY DEMETRIUS INGRAM
           No.5:06-CR-245-1-BO

Dear Mr. Whitney,

    The supervised release jurisdiction has been transferred to this court from the District Of South Carolina. Enclosed are copies of the following;

1. Docket Sheet
2. Transfer of Jurisdiction
3. Information
4. Judgment

                                  Sincerely,

                                  MICHAEL BROOKS, ACTING CLERK

                              By *Fleur Steele*
                                      Deputy Clerk

fs/enclosures
1c: The Honorable Terrence W. Boyle, United States District Judge
    United States Attorney
    United States Probation Office
    United States Marshal
    Financial Section

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
P.O. BOX 2317
FLORENCE, S.C. 29503
843-676-3820

September 18, 2006

Mr. Michael Brooks
Acting Clerk, U.S. District Court

Terry Sanford Federal Building and Courthouse
310 New Bern Avenue
Raleigh, North Carolina 27601


Re: 4:00CR00988-CWH (2)   USA -v- Terry Demetrius Ingram


Dear Mr. Brooks:

    Please find enclosed for the above named defendant-supervised release a certified copy of Probation Form No. 22 executed in the District of South Carolina and the Eastern District of North Carolina for transfer of jurisdiction to your court.

    I have attached pertinent portions of the file for your records on the transfer to your district.

Yours very truly,

LARRY W. PROPES, CLERK

*Maxine Campbell*

By: Maxine Campbell
Deputy Clerk

encl.

cc: U.S. Probation Office, Florence, S.C.

ORIGINAL FILED 

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

FEB 22 2001

LARRY W. PROPES, CLEF
FLORENCE, S.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:00-988 |
| | ) | |
| vs. | ) | 18 U.S.C. §1952 |
| | ) | |
| | ) | **INFORMATION** |
| TERRY DEMETRIUS INGRAM | ) | |

MAXIMUM SENTENCE THIS COUNT:

FINE OF $250,000.00 (18 USC § 3571)
AND/OR IMPRISONMENT FOR 5 YEARS
AND A TERM OF SUPERVISED RELEASE OF
3 YEARS (18 USC § 3583)
SPECIAL ASSESSMENT: $100.00 (18 USC § 3013)

## COUNT 1

THE UNITED STATES ATTORNEY CHARGES:

That on or about July 20, 2000 in the District of South Carolina, the Defendant, **TERRY DEMETRIUS INGRAM**, traveled in interstate commerce from the state of North Carolina to the state of South Carolina with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity and thereafter performed and attempted to perform an act in furtherance of the unlawful activity;

In violation of Title 18, United States Code, Section 1952.


A TRUE COPY
Attest: Larry W. Propes
By: _____
DEPUTY CLERK

/s/ J. Rene Josey
J. RENÉ JOSEY (AWB)
UNITED STATES ATTORNEY

# United States District Court
# District of South Carolina

FILED
Ↄ 18 2001

LARRY
͡ERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| vs. | |
| | Case Number: **4:00CR00988-02** |
| **TERRY DEMETRIUS INGRAM** | |
| | William Nettles, IV, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to <u>the one count information</u> on <u>February 26, 2001</u>.

☐ pleaded nolo contendere to count(s) ___ on _____ which was accepted by the court.

☐ was found guilty on count(s) _____ on _____ after a plea of not guilty.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1952 | Please see information | 07/20/00 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

■ The one (1) count Indictment ■ is ☐ are    dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 04-03-74
Defendant's USM No.: 97246-071

Defendant's Residence Address:
3267-J Calumet Dr.
Raleigh, N.C. 27610

Defendant's Mailing Address:
3267-J Calumet Dr.
Raleigh, N.C. 27610

AUGUST 27, 2001
Date of Imposition of Judgment

/s/ Signature of Judicial Officer

Hon. C. Weston Houck, U.S. District Judge
Name and Title of Judicial Officer

9/17/01
Date

A TRUE COPY
Attest: Larry W. Propes
By: /s/ Maxine Cansell
DEPUTY CLERK

20

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: TERRY DEMETRIUS INGRAM
CASE NUMBER: 4:00CR00988-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **sixty (60) months**.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at a.m./p.m. on.
   ☐ as notified by the United States Marshal.

■  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ■ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT: TERRY DEMETRIUS INGRAM
CASE NUMBER: 4:00CR00988-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d) and the following special conditions:

**1.** The defendant shall participate in a program of testing and treatment for drug and alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer. **2.** The defendant shall provide the probation officer with access to any requested financial information and provide documentation of income/expenses upon request by the probation officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TERRY DEMETRIUS INGRAM
CASE NUMBER: 4:00CR00988-02

## CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | | |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **SEE *VICTIMS LIST* OF VICTIMS.** | $ | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . $

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: TERRY DEMETRIUS INGRAM
CASE NUMBER: 4:00CR00988-02

## SCHEDULE OF PAYMENTS

Payment of the total criminal monetary penalties shall be due as follows:

A ■ Lump sum payment of $100.00 (special assessment) due immediately, balance due

☐ not later than ,

☐ or in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B ☐ Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐    Joint and Several
     Defendant Name, Case Number, and Joint and Several Amount


☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLOSED

# U.S. District Court
## District of South Carolina (Florence)
## CRIMINAL DOCKET FOR CASE #: 4:00-cr-00988-CWH-2

Case title: USA v. McCollum, et al

Date Filed: 12/05/2000

Assigned to: Honorable C Weston Houck

### Defendant

**Terry Demetrius Ingram** (2)
*TERMINATED: 09/18/2001*

represented by **William F Nettles, IV**
Federal Public Defender's Office
McMillan Federal Building
401 West Evans Street
Room 240
Florence, SC 29503
843-662-1510
Fax: 843-667-1355
Email: bill_nettles@fd.org
*TERMINATED: 09/18/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

A TRUE COPY
Attest: Larry W. Propes
By: /s/ Maxine Campbell
DEPUTY CLERK

### Pending Counts

18:1952 RACKETEERING - NARCOTICS traveled in interstate commerce with intent to promote, manage, establish, carry on, facilitate the

### Disposition

Defendant is hereby committed to custody of Bureau of Prisons to be imprisoned for a term of 60 months. Voluntarily surrender. Upon release,

| | |
|---|---|
| promotion, management, establishment and carrying on of an unlawful activity and thereafter performed and attempted to perform an act in furtherance of the unlawful activity<br>(1s) | defendant shall be on supervised release for a term of 3 years, comply with the mandatory and standard conditions of supervision outlined in 18:3583(d) and the following special conditions: 1. Defendant shall participate in a program of testing and treatment for drug and alcohol abuse as directed by probation officer until such time as defendant is released from program by probation officer. 2. Defendant shall provide probation officer with access to any requested financial information and provide documentation of income/expenses upon request by probation officer. $100 special assessment due immediately |

### Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| 21:841A NARCOTICS - POSSESSION, having two prior convictions for felony drug offenses, knowingly and intentionally did possess with intent to distribute 50 grams or more of cocaine base commonly known as crack cocaine, a Schedule II controlled substance in violation of 21:841(a)(1) and | Dismissed on government's motion |

18:2 aid and abet
(1)

## Highest Offense Level (Terminated)

Felony

## Complaints | Disposition

None

## Plaintiff

| | |
|---|---|
| USA | represented by **Alfred William Walker Bethea**<br>US Attorneys Office<br>PO Box 1567<br>Florence, SC 29503<br>843-665-6688<br>Fax: 843-678-8809<br>Email: buddy.bethea@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2000 | 1 | INDICTMENT as to William McCollum (1) count(s) 1, Terry Demetrius Ingram (2) count(s) 1 (amil) (Entered: 12/07/2000) |
| 12/05/2000 | 3 | ORDER for Issuance of Bench Warrant as to Terry Demetrius Ingram; warrant issed ( Signed by Magistrate Judge Joseph R. McCrorey ) (amil) (Entered: 12/07/2000) |
| 12/14/2000 | | ARREST of Terry Demetrius Ingram (aric) (Entered: 12/15/2000) |

| 12/14/2000 |    | Arraignment as to Terry Demetrius Ingram held before Magistrate Judge Terry L. Wooten Terry Demetrius Ingram (2) count(s) 1; Not Guilty plea entered; Financial Affidavit taken, and Court to appoint counsel; Defendant released on $100,000 unsecured bond; Court reporter: Sharon Welch ESR Tape 03-04-00 3310-4625 (aric) (Entered: 12/15/2000) |
|---|---|---|
| 12/14/2000 | 4  | CJA 23 FINANCIAL AFFIDAVIT by Terry Demetrius Ingram (aric) (Entered: 12/15/2000) |
| 12/14/2000 | 5  | Unsecured BOND entered by Terry Demetrius Ingram in Amount $100,000 (Signed by Magistrate Judge Terry L. Wooten) (aric) (Entered: 12/15/2000) |
| 12/14/2000 | 6  | ORDER Setting Conditions of Release as to Terry Demetrius Ingram (Signed by Magistrate Judge Terry L. Wooten) (aric) (Entered: 12/15/2000) |
| 12/19/2000 | 7  | ORDER Appointing Federal Public Defender for Terry Demetrius Ingram (Signed by Magistrate Judge Terry L. Wooten) (aric) (Entered: 12/20/2000) |
| 12/22/2000 | 8  | Arrest WARRANT Returned Executed as to Terry Demetrius Ingram on 12/14/00 (aric) (Entered: 12/22/2000) |
| 12/27/2000 | 9  | MOTION by Terry Demetrius Ingram for Disclosure of intention to use evidence (aric) (Entered: 12/29/2000) |
| 12/27/2000 | 10 | MOTION by Terry Demetrius Ingram for discovery and inspection (aric) (Entered: 12/29/2000) |
| 12/27/2000 | 11 | MOTION by Terry Demetrius Ingram for Disclosure of intent to use evidence of other crimes, wrongs, or acts under Federal Rules of Evidence 404(b) (aric) (Entered: 12/29/2000) |
| 12/28/2000 |    | CASE assigned to Judge C. W. Houck (kbos) (Entered: 12/28/2000) |

| | | |
|---|---|---|
| 12/28/2000 | 12 | MOTION by USA as to Terry Demetrius Ingram for reciprocal discovery (aric) (Entered: 12/29/2000) |
| 01/24/2001 | 13 | NOTICE of Hearing as to Terry Demetrius Ingram set pretrial conference for 10:00 1/31/01 for Terry Demetrius Ingram before Judge C. W. Houck, set Jury Selection for 10:00 2/5/01 for Terry Demetrius Ingram before Judge C. W. Houck (mcam) (Entered: 01/24/2001) |
| 01/31/2001 | | Pre-trial conference as to Terry Demetrius Ingram held before Judge C. W. Houck; oral motion of defendant to continue to 3/5/01 term is granted; possible plea. Court reporter: Vince Rolland (mcam) (Entered: 01/31/2001) |
| 01/31/2001 | | MOTION in open court by Terry Demetrius Ingram for Continuance to 3/5/01 term (mcam) (Entered: 01/31/2001) |
| 01/31/2001 | | ORAL ORDER as to Terry Demetrius Ingram granting [0-0] oral motion for Continuance to 3/5/01 term as to Terry Demetrius Ingram (2) ( Entered by Judge C. W. Houck ) (mcam) (Entered: 01/31/2001) |
| 02/12/2001 | 14 | NOTICE of Hearing as to Terry Demetrius Ingram set pretrial conference for 10:00 2/26/01 for Terry Demetrius Ingram before Judge C. W. Houck, set Jury selection for 10:00 3/5/01 for Terry Demetrius Ingram before Judge C. W. Houck (mcam) (Entered: 02/12/2001) |
| 02/21/2001 | 15 | Plea Agreement as to Terry Demetrius Ingram (mcam) (Entered: 02/21/2001) |
| 02/22/2001 | 16 | SUPERSEDING INFORMATION as to Terry Demetrius Ingram (2) count(s) 1s (mcam) (Entered: 02/23/2001) |
| 02/26/2001 | 17 | WAIVER OF INDICTMENT by Terry Demetrius Ingram (mcam) (Entered: 02/28/2001) |

| | | |
|---|---|---|
| 02/26/2001 | | Arraignment as to Terry Demetrius Ingram held before Judge C. W. Houck Terry Demetrius Ingram (2) count(s) 1s; guilty plea entered. Court reporter: Lora McDaniel, A Wm Roberts Jr & Associates (mcam) (Entered: 02/28/2001) |
| 02/26/2001 | | PLEA(to information) entered by Terry Demetrius Ingram . Court accepts plea. Guilty: Terry Demetrius Ingram (2) count(s) 1s (Terminated motions - [12-1] motion for reciprocal. Motion Terminated. as to Terry Demetrius Ingram (2), [11-1] motion for Disclosure of intent to use evidence of other crimes, wrongs, or acts under Federal Rules of Evidence 404(b) . Motion Terminated. as to Terry Demetrius Ingram (2), [10-1] motion for discovery and inspection . Motion Terminated. as to Terry Demetrius Ingram (2), [9-1] motion for Disclosure of intention to use evidence . Motion Terminated. as to Terry Demetrius Ingram (2) )(before Honorable C. W. Houck) Court Reporter: Lora McDaniel, A Wm Roberts Jr & Associates (mcam) Modified on 02/28/2001 (Entered: 02/28/2001) |
| 08/02/2001 | 18 | NOTICE of Hearing as to Terry Demetrius Ingram set Sentencing for 10:00 8/27/01 for Terry Demetrius Ingram before Judge C. W. Houck (mcam) (Entered: 08/02/2001) |
| 08/27/2001 | 19 | SENTENCING held before Judge C. W. Houck Terry Demetrius Ingram (2) count(s) 1s Witness(es) no, Objections to Pre-Sentence Report: no, no upward/downward departure Court Reporter: Vince Rolland (mcam) (Entered: 08/27/2001) |
| 08/27/2001 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Terry Demetrius Ingram (mcam) (Entered: 08/27/2001) |
| 09/18/2001 | 20 | JUDGMENT Terry Demetrius Ingram (2) count(s) 1s. Defendant is hereby committed to custody of Bureau of Prisons to be imprisoned for a term of 60 months. |

|  |  | Voluntarily surrender. Upon release, defendant shall be on supervised release for a term of 3 years, comply with the mandatory and standard conditions of supervision outlined in 18:3583(d) and the following special conditions: 1. Defendant shall participate in a program of testing and treatment for drug and alcohol abuse as directed by probation officer until such time as defendant is released from program by probation officer. 2. Defendant shall provide probation officer with access to any requested financial information and provide documentation of income/expenses upon request by probation officer. $100 special assessment due immediately, Terry Demetrius Ingram (2) count(s) 1. Dismissed on government's motion ( Signed by Judge C. W. Houck ) (EOD/MLD: 9/18/01) (mcam) (Entered: 09/18/2001) |
|---|---|---|
| 06/04/2002 | [40](#) | MOTION by USA as to Terry Demetrius Ingram for extension of time to file a Rule 35(b) motion (mcam) (Entered: 06/04/2002) |
| 11/13/2002 |  | Case closed as to William McCollum Jr, Terry Demetrius Ingram (all defendants) (mcam) (Entered: 11/14/2002) |
| 02/12/2003 |  | Minute entry as to Terry Demetrius Ingram : withdrawing [40-1] motion for extension of time to file a Rule 35(b) motion as to Terry Demetrius Ingram (2); per Alfred Bethea (mcam) (Entered: 02/12/2003) |
| 02/12/2003 |  | CJA24 LOCATION for preliminary approval for preparation of the Hearing transcript by Court Reporter: Vince Rolland for hearing date: 6/14/02. Voucher location: Judge Houck (chen) (Entered: 02/12/2003) |
| 02/13/2003 |  | CJA24 LOCATION Sentencing Hearing and Motion to Withdraw Plea transcript prepared by Court Reporter: Vince Rolland for hearing date: October 29, 2002. Voucher location: Judge HOuck for final approval (chen) (Entered: 02/13/2003) |

| | | |
|---|---|---|
| 02/19/2003 | | CJA24 LOCATION Hearing transcript prepared by Court Reporter: Vince Rolland for sentencing hearing and motion to withdraw plea hearing date: 10/29/02 Voucher location: Finance (chen) (Entered: 02/19/2003) |
| 02/26/2003 | | CJA24 LOCATION Hearing transcript prepared by Court Reporter: Vince Rolland for hearing date: 6/14/02. Voucher location: Finance (chen) (Entered: 02/26/2003) |
| 09/18/2006 | ●71 | Supervised Release Jurisdiction Transferred to Eastern District of North Carolina as to Terry Demetrius Ingram Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mcam, ) (Entered: 09/19/2006) |